13-2362
Diallo v. Lynch

BIA
Zagzoug, I.J.
A200 731 912

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of August, two thousand fifteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> RICHARD C. WESLEY,
> CHRISTOPHER F. DRONEY,
> > *Circuit Judges.*

_____

ALPHA YAYA DIALLO,
> *Petitioner,*

> v.

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

13-2362
NAC

_____

FOR PETITIONER: Theodore Vialet, New York, N.Y.

FOR RESPONDENT: Stuart F. Delery, Assistant Attorney General; M. Jocelyn Lopez Wright, Senior Litigation Counsel; Margot L. Carter, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Alpha Yaya Diallo, a native and citizen of Guinea, seeks review of a May 20, 2013, decision of the BIA affirming the October 24, 2011, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and Convention Against Torture ("CAT") relief. *In re Alpha Yaya Diallo*, No. A200 731 912 (B.I.A. May 20, 2013), *aff'g* No. A200 731 912 (Immig. Ct. N.Y. City Oct. 24, 2011). We assume the parties' familiarity with the underlying facts, procedural history, and issues presented for review.

We have reviewed both the BIA's and IJ's decisions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005) (per curiam). The standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

In his petition for review, Diallo challenges the agency's adverse credibility and lack of corroboration determinations. Diallo alleges that his family was attacked by a military junta, and he fears he will be persecuted on

2

account of his ethnicity and political beliefs if he returns to Guinea.

Turning first to the adverse credibility determination, for asylum applications, like Diallo's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on inconsistencies in the applicant's statements and other record evidence without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008) (per curiam). The agency's adverse credibility determination is supported by substantial evidence.

First, as the IJ found, the inconsistencies in Diallo's statements call his credibility into question. Diallo initially testified that his family was attacked by members of the military in July 2009, but when asked why his application listed that attack as occurring in September 2009, Diallo stated that he was not sure when his family was attacked. The attack is further called into question by Diallo's wife's letter, which stated that "events" occurred

3

in September 2009, but the family was attacked in October 2009.  The agency reasonably relied on this inconsistency.

The adverse credibility determination is further supported by inconsistencies related to harm suffered by Diallo's relatives.  Diallo testified that his cousin was killed in July 2009, but his application listed the date as September 28, 2009.  Second, and more glaring, Diallo testified that his uncle had been arrested by the military and was either dead or in prison, but his wife's statement reflected that Diallo's uncle had been released.  The agency was not required to credit Diallo's explanation that people had kept the truth from his wife because his wife would be emotional.  *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Finally, the agency found material omissions in Diallo's asylum application, further undermining his credibility.  *Xiu Xia Lin*, 534 F.3d at 166 n.3 (an omission in the applicant's testimony or supporting documents may "serve as a proper basis for an adverse credibility determination," as an omission is the functional equivalent of an inconsistency).  Diallo testified that he was "on the list" of the Guinean military, that he was in hiding from 1998 to 2008, and that the Guinean military told his wife

4

that they planned to kill him.  Diallo conceded that he omitted these facts from his application, but argues that an application need not contain every detail.  Although it is true that an alien need not list every detail in an application, *see Pavlova v. INS*, 441 F.3d 82, 90 (2d Cir. 2006), here the agency reasonably relied on the omission because Diallo's application was lengthy and detailed regarding other incidents, *see Xiu Xia Lin*, 534 F.3d at 167.

The agency also considered whether Diallo separately met his burden of showing a well-founded fear of persecution on account of his U.S. political activities and ethnicity. When, as here, testimony had already been called into question, the agency may reasonably look to whether corroborating evidence satisfies the applicant's burden. *See* 8 U.S.C. § 1158(b)(1)(B)(ii).

Diallo claimed that the Guinean military was aware of his political protest activities in the United States because they were televised in Guinea and he was a known member of the Union of Democratic Forces of Guinea ("UDFG"). However, as the agency found, Diallo failed to submit any evidence showing that the Guinean media broadcast these protests.  And he failed to establish his UDFG membership. While he submitted a document purportedly establishing his

5

UDFG membership, the document is entitled "letter for recommendation," and identifies UDFG's mission statement; it does not state that Diallo is a UDFG member. Nor did Diallo call any witnesses to testify about his political activities. As Diallo did not testify credibly, the agency reasonably considered Diallo's lack of corroboration. 8 U.S.C. § 1158(b)(1)(B)(ii); *Chuilu Liu v. Holder*, 575 F.3d 193, 196-97 (2d Cir. 2009).

Diallo's alleged fear of future persecution on account of his political opinion and ethnicity is also undermined by the country conditions evidence he relies on. In his brief, Diallo argues that a 2010 State Department report documented attacks against UDFG supporters and ethnic Fulanis. A review of that report shows general violence related to the 2010 Guinean presidential election, with members of both major political parties engaged in violent protests. This general violence is insufficient to establish a well-founded fear of future persecution. *See Melgar de Torres v. Reno*, 191 F.3d 307, 314 n.3 (2d Cir. 1999).

The inconsistencies and omissions provide substantial evidence to support the adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167. Accordingly, absent credible testimony regarding past persecution, the agency

6

reasonably concluded that the lack of corroborating evidence about the Guinean military's alleged interest in harming Diallo or his family prevented Diallo from meeting his burden of proof.  8 U.S.C. § 1158(b)(1)(B)(ii).  As Diallo's claims all share the same factual predicate, the adverse credibility determination and corroboration finding are dispositive of asylum, withholding of removal, and CAT relief.  *See Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010); *Paul v. Gonzales*, 444 F.3d 148, 155-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7